# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATLANTIC WAVE HOLDINGS, LLC; et. al., <br><br> Plaintiffs, <br><br> v. <br><br> CYBERLUX CORPORATION; et. al., <br> Defendants. | Case No.: 3:24-cv-00196-RBM-VET <br><br> **ORDER GRANTING DEFENDANTS' EX PARTE APPLICATION TO CONTINUE HEARING DATE ON PLAINTIFFS' SPECIAL MOTION TO STRIKE DEFENDANTS' AMENDED COUNTERCLAIM** <br><br> **[Doc. 14]** |

On March 27, 2024, Defendants Cyberlux Corporation and Mark D. Schmidt (collectively, "Defendants") filed an Ex Parte Application to Continue the Hearing Date on Plaintiffs' Special Motion to Strike Defendants' Amended Counterclaim ("Application"). (Doc. 14.) On April 1, 2024, Plaintiffs Atlantic Wave Holdings, LLC; Strikepoint Consulting, LLC; and Secure Community, LLC (collectively, "Plaintiffs") filed an Opposition to Defendants' Application ("Opposition"). (Doc. 16.)

Pursuant to Civil Local Rule 7.1.d.1, the Court finds this matter suitable for determination on the papers and without oral argument. For the reasons set forth below, Defendants' Application is **GRANTED**.

# I. FACTUAL AND PROCEDURAL BACKGROUND

## A. Defendants' Application

In their Application, Defendants request an order continuing the hearing date on Plaintiffs' motion to strike as well as the deadlines to file any opposition or reply.[1] (Doc. 14 at 2.) Defendants argue that the parties did not properly meet and confer regarding the motion pursuant to this Court's Civil Chambers Rules section III(A). (*Id.*) Specifically, Defendants contend that "[a]lthough [Plaintiffs] contacted [Defendants] on March 14, 2024, a thorough meet and confer did not occur because the intent to file the Motion was not previewed before that call and therefore the required attorneys for [Defendants] were not available at the time, nor [was Defendants'] counsel prepared to discuss the merits of such a [m]otion because they were not apprised of the purpose of the call …." (*Id.*) Defendants then contend that they sought to schedule a more thorough meet and confer on March 20, 2024 but that Plaintiffs did not respond until March 25, 2024, four days after they filed their motion to strike. (*Id.*) Defendants contend that the parties did not meet and confer until March 26, 2024. (*Id.*)

Defendants now ask that the Court continue the hearing from April 22, 2024 to May 2, 2024, which would reflect the appropriate hearing date based upon the parties' March 26, 2024 conference. (*Id.*) Defendants contend that their opposition would instead be due on April 18, 2024 in accordance with the new hearing date. (*Id.*)

## B. Plaintiffs' Opposition

In their Opposition, Plaintiffs argue that Defendants' Application does not show good cause warranting an ex parte continuance because counsel met and conferred on March 14, 2024, seven days before Plaintiff filed their motion to strike, in accordance with this Court's Chamber Rules.[2] (Doc. 16 at 2.) Plaintiffs contend that, during this call,

---

[1] Presently, the hearing is set for April 22, 2024, and Defendants' opposition is due on April 8, 2024. (Doc. 14 at 2.)

[2] Plaintiffs also include a lengthy summary of the parties' litigation history.

Plaintiffs' counsel explained the substance of the motion to strike and sought to determine if the parties could reach a resolution that would eliminate the need to file a formal motion. (*Id.* at 2, 4.) Plaintiffs then contend that Defendants' counsel would not meet and confer without his co-counsel, who was out of the country. (*Id.*) Nevertheless, Plaintiffs explained that they would file their motion to strike on March 21, 2024 unless Defendants reached out with potential solutions and the parties reached a solution before then. (*Id.* at 2, 5.) Plaintiffs then assert that they did not hear from Defendants until March 20, 2024, when Defendant's counsel indicated that they could not meet and confer until March 25, 2023. (*Id.*) Plaintiffs conclude that Defendants' refusal to meet and confer does not constitute good cause sufficient to continue the hearing on Plaintiffs' motion to strike.[3] (*Id.* at 3.)

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 6(b)(1) states, "[w]hen an act may or must be done within a specified time, the court may, *for good cause*, extend the time: … with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires …." Fed. R. Civ. P. 6(b)(1)(A) (emphasis added); *see e.g., Joe Hand Promotions, Inc. v. Bragg*, No. 13CV2725 DMS (JMA), 2014 WL 12570973, at *1 (S.D. Cal. Feb. 18, 2014) (finding the plaintiff had not shown good cause pursuant to Rule 6(b) to continue a motion hearing but granting the plaintiff a brief extension of time to file an opposition as a "courtesy"); *Brickan v. Fed. Sav. Bank*, No. 8:22-cv-01053-JWH-KESx,

---

[3] Plaintiffs also argue that Defendants' Application does not meet the "good cause" standard for ex parte relief. (*Id.* at 5–6.) Specifically, Plaintiffs argue that Defendants will not be irreparably prejudiced by the regular noticed motion procedures, that Defendants are not without fault for the delay, that the delay is not the result of excusable neglect, and that the present situation does not fall within the "rare" cases that warrant ex parte relief. (*Id.* at 6–7.) However, when a party seeks "a routine procedural order that cannot be obtained through a regularly noticed motion (i.e., to file an overlong brief or shorten the time within which a motion may be brought)[,]" ex parte relief is justified. *Horne v. Wells Fargo Bank, N.A.*, 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013).

2023 WL 4155410, at *3 (C.D. Cal. May 5, 2023) ("Courts can generally continue hearing dates and extend briefing deadlines upon a showing of 'good cause.'") (citing Fed. R. Civ. P. 6(b)).

"The matter of whether to grant a continuance is traditionally within the discretion of the court." *Quintero Fam. Tr. v. OneWest Bank*, F.S.B., No. 09-cv-1561-IEG (WVG), 2009 WL 4895305, at *3 (S.D. Cal. Dec. 11, 2009) (denying a plaintiff's ex parte application seeking a continuance of a motion to dismiss hearing) (citing *Avery v. Alabama*, 308 U.S. 444, 446 (1940)). "Whether a continuance is appropriate is determined based on the particular circumstances present in the case." *Id.* (citing *Ungar v. Sarafite*, 376 U.S. 575, 589–90 (1964)).

However, the Ninth Circuit has found that Rule 6(b) "is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010) (quotation omitted). "Consequently, requests for extensions of time made *before* the applicable deadline has passed should normally be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id.* at 1259 (quotation omitted) (emphasis added). "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Id.* at 1259–60 (finding the district court abused its discretion when denying a request for a continuance when there was no reason to believe the requesting party was acting in bad faith or was misrepresenting his reasons for asking for the extension).

### III.   DISCUSSION

Here, Defendants timely filed the present Application seeking to continue the hearing date and briefing deadlines for Plaintiffs' motion to strike. In their Application, Defendants contend that the parties were not able to meet and confer pursuant to this Court's Chamber Rules until March 26, 2024 because their co-counsel was out of the country and, therefore, that Plaintiffs' motion to strike was filed prematurely. However, Defendants do not indicate why they could not have met and conferred without co-counsel

prior to March 26, 2024. Defendants also do not indicate how they were prejudiced by Plaintiffs' premature filing. The Court notes that Defendants received notice of Plaintiffs' motion to strike on March 14, 2024 and received the motion itself on March 21, 2024. Thus, Defendants have had approximately two weeks to begin drafting an opposition to Plaintiffs' motion to strike.

Nevertheless, as stated above, "requests for extensions of time made before the applicable deadline has passed should normally be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Ahanchian*, 624 F.3d at 1259. Here, there is nothing in the parties' briefing suggesting that Defendants have acted in bad faith with respect to seeking this extension or that Plaintiffs will be prejudiced by granting the parties additional time to file any opposition or reply. Accordingly, Defendants' Application is **GRANTED**.

## IV.   CONCLUSION

Based on the foregoing, Defendants' Application is **GRANTED**. The hearing on Plaintiffs' motion to strike is continued from April 22, 2024 to May 2, 2024, and the briefing schedule will shift accordingly. However, the Courts cautions the parties that additional continuances will not be entertained absent extraordinary circumstances.

**IT IS SO ORDERED.**

DATE: April 4, 2024

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE