# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATLANTIC WAVE HOLDINGS, LLC; et. al., <br><br> Plaintiffs, <br><br> v. <br><br> CYBERLUX CORPORATION; et. al., <br><br> Defendants. | Case No.:  3:24-cv-00196-RBM-VET <br><br> **ORDER GRANTING PLAINTIFFS'/COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE** <br><br> **[Doc. 12]** |

Pending before the Court is Plaintiffs Atlantic Wave Holdings, LLC; Secure Community, LLC; and StrikePoint Consulting, LLC's (collectively, "Plaintiffs") Motion to Dismiss Without Prejudice ("Motion"), which was filed on March 11, 2024.  (Doc. 12.) In their Motion, Plaintiff assert that this action was erroneously filed.  (*Id.* at 2, 4–-6.)  On April 1, 2024, Defendants Cyberlux Corporation and Mark D. Schmidt (collectively, "Defendants") filed an Opposition to Plaintiffs' Motion ("Opposition").  (Doc. 17.)  On April 8, 2024, Plaintiffs filed a reply brief ("Reply").  (Doc. 19.)

Pursuant to Civil Local Rule 7.1(d)(1), the Court finds this matter suitable for determination on the papers and without oral argument.  For the reasons set forth below, Plaintiffs' Motion is **<u>GRANTED</u>** and Plaintiffs' Claims are **<u>DISMISSED WITHOUT PREJUDICE</u>**.

1

# I.   **BACKGROUND**

## A.   **Plaintiffs' Complaint and Defendants' Amended Counterclaims**

On December 18, 2023, Plaintiffs filed a suit for judicial foreclosure, injunctive relief, and appointment of receiver in the Superior Court of California, County of San Diego ("San Diego Superior Court"). (Doc. 1-2 at 2.) On January 30, 2024, Defendants removed this action to this Court. (Doc. 1.) On January 31, 2024, Plaintiffs belatedly filed a request for dismissal in San Diego Superior Court. (Doc. 12-2 (Ex. A) at 5.)

On January 31, 2024, Defendants filed an answer to Plaintiffs' Complaint and a counterclaim for declaratory relief. (Doc. 5 at 10–13.) On February 20, 2024, Defendants filed an Amended Answer and Amended Counterclaim to Plaintiffs' Complaint, alleging additional counterclaims for breach of oral contract, breach of the implied covenant of good faith and fair dealing, intentional misrepresentation, declaratory relief regarding the rights of the parties under a settlement agreement, reformation of contract, declaratory relief regarding the scope of the security interest granted under the settlement agreement, injunctive relief, and statutory damages pursuant to Uniform Commercial Code ("UCC") section 9-625(b) ("Amended Counterclaims"). (Doc. 7 at 11–26.) On February 28, 2024, Plaintiffs filed an answer to Defendants' Amended Counterclaims. (Doc. 10.)

## B.   **The Sister-State Judgment**

On March 5, 2024, Plaintiffs filed a separate Application for Entry of Judgment on Sister-State Judgment in the San Diego Superior Court. (*See* Case No. 3:24-cv-00482-RBM-VET, Doc. 1-5 at 2.) The same day, the San Diego Superior Court filed Notice of Entry of Judgment on Sister-State Judgment (*see* Case No. 3:24-cv-00482-RBM-VET, Doc. 1-8 at 2) and Judgment on Sister-State Judgment for $1,149,866.85 (the "Sister-State Judgment") (*see* Case No. 3:24-cv-00482-RBM-VET, Doc. 1-9 at 2). On March 11, 2024, Defendant removed the Sister-State Judgment action to this Court. (*See* Case No. 3:24-cv-00482-RBM-VET, Doc. 1.) Thus, the parties now have two actions pending before the Court.

**C.   Plaintiffs' Motion**

On March 11, 2024, Plaintiffs filed the present Motion. (Doc. 12.)  Plaintiffs request that the Court dismiss the present claims under Federal Rule of Civil Procedure 41(a)(2) because they were erroneously filed.  (*Id.* at 2, 4–6.)  Plaintiffs argue that Defendants will not be prejudiced by dismissal because this case is still at its earliest stage, no discovery has been served, the parties have not yet exchanged any documents, no depositions have been taken, expert discovery has not yet begun, mediation has not yet occurred, no motion to adjudicate the merits of any claim or defense has been filed or is pending, no trial preparation has taken place, and Defendants' Amended Counterclaims can stand alone in this Court pursuant to 28 U.S.C. § 1332(a)—diversity jurisdiction.  (*Id.* at 4, 6.)

**D.   Defendants' Opposition**

In their Opposition, Defendants request that the Court deny Plaintiffs' Motion. (Doc. 17 at 7.)  Defendants dispute that the present suit was erroneously filed and assert that the filing of the Sister-State Judgment in San Diego Superior Court was an improper attempt at forum shopping.  (*Id.* at 10–11.)

Alternatively, Defendants request that the Court dismiss Plaintiffs' claims with prejudice and award Defendants attorneys' fees and costs.  (*Id.* at 7.)  Defendants argue that the Court should dismiss Plaintiffs' Complaint with prejudice because the Motion was not made in good faith, because Plaintiffs' causes of action for injunctive relief and appointment of a receiver are not legally recognized, and because Plaintiffs' cause of action for judicial foreclosure is admittedly improper.  (*Id.* at 12–15.)  Defendants also argue that the Court should condition any dismissal with prejudice upon requiring Plaintiffs to pay $121,960 in legal fees and costs allegedly incurred by Defendants between the filing of this lawsuit and its removal to federal court.  (*Id.* at 15–17.)

**E.   Plaintiffs' Reply**

In their Reply, Plaintiffs assert that "Defendants' Opposition primarily centers on allegations of vexatious litigation tactics and purported attempts at forum shopping by Plaintiffs … [which] … do not equate to a demonstration of legal prejudice …." (Doc. 19

at 4.)  Plaintiffs then argue that their claims should be dismissed without prejudice because it is improbable that Defendants have incurred significant expense given the early stage of proceedings, because Plaintiffs have acted promptly in seeking to dismiss their claims, and because Plaintiffs' request for dismissal is logical and justified.  (*Id.* at 5–7.)  Plaintiffs conclude that Defendants should not be permitted to recover attorneys' fees and costs.  (*Id.* at 7–9.)

## II.   <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 41(a)(2) states, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.  If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. … [D]ismissal … is without prejudice."

"When confronted with a motion for voluntary dismissal pursuant to Rule 41(a)(2), the Court must determine: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed."  *Upstrem, Inc. v. BHFO, Inc.*, Case No. 20-CV-2160 JLS (DEB), 2022 WL 2134599, at *4 (S.D. Cal. June 14, 2022) (citing *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005)).

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result."  *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (citations omitted).  "'[L]egal prejudice' means 'prejudice to some legal interest, some legal claim, some legal argument.'"  *Id.* at 976 (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)).  "'Uncertainty because a dispute remains unresolved' or because 'the threat of future litigation ... causes uncertainty' does not result in plain legal prejudice."  *Id.* (quoting *Westlands Water Dist.*, 100 F.3d at 96–97).  "Also, plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum

4

or where a plaintiff would gain a tactical advantage by that dismissal." *Id.* (citing *Hamilton*, 679 F.2d at 145).

Further, "the expense incurred in defending against a lawsuit does not amount to legal prejudice. The defendants' interests can be protected by conditioning the dismissal without prejudice upon the payment of appropriate costs and attorney fees. Imposition of costs and fees as a condition for dismissing without prejudice is not mandatory however." *Westlands Water Dist.*, 100 F.3d at 97 (citations omitted). "[I]f the district court decides it should condition dismissal on the payment of costs and attorney fees, the defendants should only be awarded attorney fees for work which cannot be used in any future litigation of these claims." *Id.* (citations omitted).

Additionally, "[c]ourts may consider the following factors to determine whether dismissal should be with or without prejudice: '(1) the defendant's effort and expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, and (3) insufficient explanation of the need to take a dismissal.'" *Upstrem*, Inc., 2022 WL 2134599, at *4 (quoting *Burnette v. Godshall*, 828 F. Supp. 1439, 1443–44 (N.D. Cal. 1993)).

## III.   DISCUSSION

As stated above, "[w]hen confronted with a motion for voluntary dismissal pursuant to Rule 41(a)(2), the Court must determine: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." *Upstrem, Inc.*, 2022 WL 2134599, at *4. The Court addresses each prong separately.

### A.   Dismissal

As stated above, "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith*, 263 F.3d at 975. Defendants request that the Court deny Plaintiffs' Motion. (Doc. 17 at 7.) However, Defendants do not explicitly refute Plaintiffs' argument that Defendants will not be prejudiced by dismissal. Defendants also do not

refute Plaintiffs' assertion that Defendants' Amended Counterclaims can stand in this Court alone pursuant to 28 U.S.C. § 1332—diversity jurisdiction.[1]  The Court agrees with Plaintiffs that "Defendants' Opposition primarily centers on allegations of vexatious litigation tactics and purported attempts at forum shopping by Plaintiffs … [which] … do not equate to a demonstration of legal prejudice …."  (Doc. 19 at 4.)  Accordingly, the Court will grant Plaintiffs' Motion and dismiss Plaintiffs' claims.  The next question is whether the Court should dismiss Plaintiffs' claim with or without prejudice.

**B.    With or Without Prejudice**

As stated above, "[c]ourts may consider the following factors to determine whether dismissal should be with or without prejudice: '(1) the defendant's effort and expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, and (3) insufficient explanation of the need to take a dismissal.'"  *Upstrem*, Inc., 2022 WL 2134599, at *4 (quotation omitted).

The Court finds that the first factor— the defendant's effort and expense involved in preparing for trial—is inapplicable.  While Defendants argue that they incurred $121,960 in legal fees and costs between the filing of this lawsuit and its removal to federal court (*see* Doc. 17 at 15–17), Defendants do not (and cannot) assert that they have spent any time preparing for trial.  As Plaintiffs note, this case is still in the early stages, no discovery has been served, the parties have not exchanged documents, no depositions have been taken, expert discovery has not begun, mediation has not occurred, no motion to adjudicate the merits of any claim or defense has been filed, and no trial preparation has taken place. (Doc. 12 at 4, 6.)

Turning to the second factor, the Court cannot find that Plaintiffs acted with excessive delay and a lack of diligence.  The record before the Court reveals that

---

[1] The Court finds that Defendants properly established diversity jurisdiction for the reasons set forth in their Notice of Removal.  (*See* Doc. 1.)  Plaintiffs did not move to remand or otherwise challenge Defendants' removal of this case.

Defendants became aware of Plaintiffs desire to dismiss their claims on January 31, 2024, when Plaintiffs filed a request for dismissal in San Diego Superior Court, at the latest. (Doc. 12-2 at 5.)  Defendants also do not dispute that Plaintiffs' counsel asked Defendants to stipulate to dismissal on February 15, 2024, which Defendants refused.  (*See* Doc. 12-2 at 2, Keithly Decl. ¶ 5.)

Turning to the third factor, the Court finds that Plaintiffs' explanation for dismissal is sufficient and logical.  In their Motion, Plaintiffs assert that the present case was filed in error.  (*Id.* ¶¶ 3–4.)  In their Reply, Plaintiffs clarify that, on January 15, 2024, Plaintiffs' new counsel reviewed this case and determined that Plaintiffs' prior counsel had filed the wrong complaint and causes of action against Defendants.  (Doc. 19-1 at 2, Sadigh Decl. ¶ 2.)  On January 22, 2024, Plaintiffs' counsel took over representation and began preparing substitution of attorney forms and a request for dismissal of the present action.  (*Id.* ¶¶ 3–5.)  Plaintiffs' request for dismissal was not filed until after Defendants removed the case to this Court (*see* Doc. 1; Doc. 12-2 at 5), necessitating the filing of the present Motion. The Court finds Plaintiffs' explanation regarding their change of counsel and strategy sufficient and logical.

In sum, the Court finds that the aforementioned factors weigh in favor of dismissing Plaintiffs' claims without prejudice.

## C.    Terms and Conditions

As stated above, the Court may condition "dismissal without prejudice upon the payment of appropriate costs and attorney fees.  Imposition of costs and fees as a condition for dismissing without prejudice is not mandatory however."  *Westlands*, 100 F.3d at 97; *see e.g., Williams*, 227 F.R.D. at 540 (finding that plaintiff was not required to pay defendant's costs where defendant did not incur significant costs, where plaintiff sought dismissal before the deadline for initial disclosures, where there was no demonstration that plaintiff's case lacked merit, and where there was no certainty that plaintiff would re-file her case).  Here, Defendants argue that the Court should condition any dismissal upon requiring Plaintiffs to pay $121,960 in legal fees and costs.  (Doc. 17 at 15–17.)  The Court

is not persuaded.  First, Defendants have not provided documentation supporting this figure.  Further, despite the dismissal of Plaintiffs' claims, Defendants' Amended Counterclaims will go forward, meaning Defendants' work removing this action to federal court and filing their Amended Counterclaims will not be in vain.  *See Westlands Water Dist.*, 100 F.3d at 97 ("[T]he defendants should only be awarded attorney fees for work which cannot be used in any future litigation of these claims.").  Thus, the Court declines to award Defendants attorneys' fees or costs.

## IV.   CONCLUSION

Based on the foregoing, Plaintiffs' Motion (Doc. 12) is **GRANTED** in its entirety. Plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE**.  However, Defendants' Amended Counterclaims survive Plaintiffs' Motion.

**IT IS SO ORDERED.**

DATE:  June 27, 2024

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

8