UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATLANTIC WAVE HOLDINGS, LLC; et. al.,<br><br>                        Plaintiffs,<br><br>vs.<br><br>CYBERLUX CORPORATION; et. al.,<br><br>                        Defendants. | Case No.: 3:24-cv-00196-RBM-VET<br><br>**ORDER DENYING DEFENDANTS' MOTION TO FILE DECLARATION OF MARK D. SCHMIDT UNDER SEAL**<br><br>[Doc. 22] |

On April 18, 2024, Defendant Cyberlux Corporation and Mark D. Schmidt (collectively, "Defendants") filed Notice of Motion and Motion to File Declaration of Mark D. Schmidt Under Seal ("Motion") in support of their opposition to Plaintiffs' anti-SLAPP motion to strike. (Doc. 22.) In their Motion, Defendants "request leave to seal the Declaration of Mark D. Schmidt in part, seeking only to seal Paragraph 8, which provides details about a term within the parties' Confidential Settlement Agreement" relating to a litigation in Virginia state court. (*Id.* at 3–4.) Defendants also "request leave to seal Exhibit A to the Declaration of Mark D. Schmidt in full, as Exhibit A is the Confidential Settlement Agreement." (*Id.* at 4.) Defendants explain that the parties' Confidential

1

Settlement Agreement "contains robust contractual provisions that all 'terms and circumstances' of the Confidential Settlement Agreement and all documents and information disclosed in the Virginia [l]itigation shall not be disclosed to any other person, and that any public disclosure of such information shall constitute a breach of the Confidential Settlement Agreement." (*Id.* at 3–4.) Plaintiffs did not oppose Defendants' Motion.

## I. DISCUSSION

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts … to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of public access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. Thus, "[t]o seal documents filed in connection with a dispositive motion, such as motions to strike under California's anti-SLAPP statute, parties must show there are 'compelling reasons' for doing so." *Better Meat Co. v. Emergy, Inc.*, Case No. 2:21-cv-02338-KJM-CKD, 2023 WL 316917, at *2 (E.D. Cal. Jan. 19, 2023).

"Trial courts have authority … to protect confidential settlement agreements."

*United Tactical Sys., LLC v. Real Action Paintball, Inc.*, No. 14-CV-04050-MEJ, 2015 WL 1534003, at *3, *5 (N.D. Cal. Apr. 2, 2015). However, "[p]roffering only the fact that the parties agreed to keep the settlement agreement confidential is an insufficient basis for the Court to seal a court record." *Gagliolo v. Kaweah Manor, Inc.*, Case No. 1:20-cv-01719-NONE-SAB, 2021 WL 1549687, at *5 (E.D. Cal. Apr. 20, 2021) (applying the "compelling reasons" standard); *see also M.P. ex rel. Provins v. Lowe's Cos., Inc.*, No. 2:11-cv-01985-GEB-CKD, 2012 WL 1574801, at *2 (E.D. Cal. May 3, 2012) ("[T]he mere fact that the parties' agreement contains a confidentiality provision is an insufficient interest to overcome the presumption that a court approved ... settlement agreement is a judicial record, open to the public.") (internal quotations omitted); *Ambrosino v. Home Depot U.S.A., Inc.*, Civil No. 11cv1319 L(MDD), 2014 WL 931780, at *2 (S.D. Cal. Mar. 10, 2014) ("[T]he parties contend that the agreement should be filed under seal because they agree that it should be. This is woefully insufficient to meet the parties' burden.")

Here, Plaintiffs' anti-SLAPP motion to strike, currently pending before the Court, is dispositive; therefore, the "compelling reasons" standard applies. *See Kamakana*, 447 F.3d at 1179; *Better Meat Co.*, 2023 WL 316917, at *2 (E.D. Cal. Jan. 19, 2023). However, the Court finds that Defendants have not proffered "compelling reasons" to seal the settlement agreement that is the subject of their motion. As stated above, "[p]roffering only the fact that the parties agreed to keep the settlement agreement confidential is an insufficient basis for the Court to seal a court record." *Gagliolo*, 2021 WL 1549687, at *5. Other than the Confidential Settlement Agreement's confidentiality clause, Defendants have not proffered any other reasons the declaration and the accompanying exhibits lodged with the Court should be sealed.

## II. CONCLUSION

Based on the foregoing, Defendants' Motion is **DENIED**. Nevertheless, the Court will give the parties additional time to demonstrate "compelling reasons" why the declaration and the accompanying exhibits should be filed under seal. The Court

**ORDERS** both parties to file supplemental briefing on this issue **on or before July 5, 2024**.

    **IT IS SO ORDERED.**

DATE:  July 1, 2024

                                                             _____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE